**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 18-2304 and 18-3803
_____

RACHEL JONES

v.

PENNSYLVANIA STATE POLICE; CRAIG ACORD; and MIKE TINNENY


Pennsylvania State Police,
Appellant in No. 18-2304


RACHEL JONES

v.

PENNSYLVANIA STATE POLICE; MIKE TINNENY


Rachel Jones,
Appellant in No. 18-3803
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:16-cv-04205)
District Judge: Hon. Wendy Beetlestone
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 17, 2019

Before: KRAUSE, MATEY, and RENDELL, *Circuit Judges*.

(Filed: December 13, 2019)

—————————

OPINION[*]

—————————

MATEY, *Circuit Judge.*

A jury awarded Rachel Jones $250,000 on the hostile work environment claim she brought against the Pennsylvania State Police. After trial, the District Court awarded her more than $100,000 in attorney's fees and costs. On appeal, the State Police challenge the size of the jury verdict, and Rachel Jones challenges the award of fees and costs. Both challenges fail, and so we will affirm.[1]

## I. BACKGROUND

Pennsylvania State Police Trooper[2] Rachel Jones began dating fellow Trooper Craig Acord in June 2013. The two broke up one year later. Soon after their split, Acord sought to reconcile. But he also began monitoring Jones's whereabouts, sending unwelcome text messages, and leaving unwanted gifts. Despite her protests, Acord persisted in his contacts, and physically confronted Jones several times. Seeking assistance, Jones complained to her supervisor, who ordered Acord to stop his attempts at communications. Yet the contacts continued, in part because Jones would still overlap shifts with Acord. Indeed, the director of the State Police's Equal Employment Opportunity Office advised Jones that "[this] is a

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.
[1] The poor quality of the briefing submitted by Jones's counsel impeded our consideration of this matter. Those submissions, filled with grammatical and typographical errors, reflect an unacceptable pattern that we address in a separate order.
[2] Jones was promoted to corporal in May 2016.

small station. You're just going to have to work with him . . . [and] deal with it." (App. at 225.) All the while, Acord continued his uninvited contacts, both on the job and outside work.

Jones ultimately sued the State Police, alleging that Acord's behavior created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964. After a four-day trial, a jury found in her favor, awarding $250,000 in compensatory damages. After the verdict, the District Court awarded Jones attorney's fees and costs, but declined her request for more damages. The State Police asked for a new trial or a reduction of the jury's verdict. The District Court denied that motion, and this timely appeal followed. While on appeal, Jones moved to remand pursuant to Fed. R. Civ. P. 60(a) "to correct an omission or mistake concerning the litigation costs and fee award order[—v]iz, convert the order to a judgment."[3] We granted the motion. On remand, Jones asked for a separate order awarding attorney's fees and costs and asked the District Court to reconsider several of its previous decisions. The District Court denied both requests, and Jones then appealed that decision. We have jurisdiction over both appeals under 28 U.S.C. § 1291.

## II. THE EMOTIONAL DISTRESS AWARD WAS REASONABLE AND SUPPORTED

The State Police raise several challenges to the portion of the jury's award compensating Jones for her emotional distress.[4] Our review defers to the jury's verdict, and

---

[3] Appellee's Motion for Leave to File a Rule 60 Motion in the District Court to Correct a Clerical Mistake, Oversight and Omissions in the District Court's Fee and Litigation Costs Award Order at 3, *Jones v. Pa. State Police*, Nos. 18-2304, 18-3803 (3d Cir. Sept. 4, 2018).

[4] At trial, Jones testified that she expended nearly $25,000 obtaining a restraining order against Acord. The District Court held that the jury's award compensated Jones for

3

we therefore give Jones "the benefit of all logical inferences that could be drawn from the evidence presented, resolve all conflicts in the evidence in [her] favor and, in general, view the record in the light most favorable to [her]." *Williamson v. Consol. Rail Corp.*, 926 F.2d 1344, 1348 (3d Cir. 1991); *see also Cortez v. Trans Union, LLC*, 617 F.3d 688, 718–19 (3d Cir. 2010) (noting that, when reviewing an award of damages in favor of a plaintiff, "we must view the facts in the light most favorable to" the plaintiff).

First, the State Police argue that since Jones never made a "formal" complaint until June 11, 2015, none of Acord's harassment before that date can support an award of emotional damages. (First Step Br. for Appellant at 18.) But our decisions make clear that a "formal" complaint is unnecessary; instead, an employer may become liable as soon as it "should have known" of a coworker's harassment. *Andreoli v. Gates*, 482 F.3d 641, 644 (3d Cir. 2007). And an employer gains such constructive knowledge when "an employee provides management level personnel with enough information to raise a probability of sexual harassment in the mind of a reasonable employer." *Huston v. Procter & Gamble Paper Prods. Corp.*, 568 F.3d 100, 105 (3d Cir. 2009). Jones's testimony shows that her superiors first learned of problems between her and Acord as early as July 2014. As a result, the jury could have found that the State Police had constructive knowledge of Acord's harassment when Jones first asked Acord to stop texting her, in December 2014.

Next, the State Police argue that the only evidence of Jones's emotional distress was her own testimony, and that such uncorroborated statements are insufficient. That argument

---

this expense. The State Police did not appeal that holding. So at most, $225,000 of the jury's verdict represents damages for emotional distress.

ignores testimony from Jones's coworkers that spoke to her emotional state. The argument also ignores Jones's testimony about her physical illness and her treatment with a mental health professional. But in any case, we have never created a bright-line rule about the quantum of testimonial evidence necessary to support an award for emotional trauma. *See Spence v. Bd. of Educ. of Christina Sch. Dist.*, 806 F.2d 1198, 1201 (3d Cir. 1986).

That leaves the State Police to argue that this Court should vacate the jury's award because it was simply too large. We disagree. Although Jones needed to show "a reasonable probability rather than a mere possibility that damages due to emotional distress were in fact incurred," *Gagliardo v. Connaught Labs., Inc.*, 311 F.3d 565, 573 (3d Cir. 2002), "we may disturb the district court's determination with respect to a remittitur . . . only if the verdict is so grossly excessive as to shock the judicial conscience." *Gumbs v. Pueblo Int'l, Inc.*, 823 F.2d 768, 771 (3d Cir. 1987). And we have noted that "emotional distress damages must be evaluated in light of all the circumstances surrounding the alleged misconduct." *Spence*, 806 F.2d at 1202.

Jones testified that, for most of a year, Acord behaved inappropriately, repeatedly asking to resume their relationship, leaving unwanted gifts, taking inappropriate photographs, and kissing her without consent. Jones also testified that Acord's behavior made her unable to perform her normal duties and forced her into counseling. In short, the jury's award does not "offend the conscience of the court" such as to require a remittitur. *Gagliardo*, 311 F.3d at 574. The State Police's challenge to the jury's verdict, therefore, fails.

5

### III. THE DECISION ON REMAND CONTAINED NO LEGAL ERROR

Jones argues that Federal Rule of Civil Procedure 58 required the District Court to set out its order awarding costs and attorney's fees in a separate document. But as the District Court noted, the text of the rule states otherwise. *See* Fed. R. Civ. P. 58(a)(3) ("[A] separate document is not required for an order disposing of a motion . . . for attorney's fees under Rule 54[.]"). And the remainder of Jones's arguments were outside the scope of the remand and went far beyond alleging "clerical mistake[s]" or "mistake[s] arising from oversight or omission." Fed. R. Civ. P. 60(a); *see Skretvedt v. E.I. DuPont De Nemours*, 372 F.3d 193, 203 (3d Cir. 2004) ("We have consistently rejected . . . attempts to litigate on remand issues that were not raised in a . . . prior appeal and that were not explicitly or implicitly remanded for further proceedings."). So we will affirm the District Court's decision on this point as well.